## Polanco Estate (No. 2)

*C. William Kraft, Jr.*, and *John B. H. Donaldson*, for petitioner.

*Henry Gouley* and *Joseph L. Ehrenreich*, for exceptant.

VAN RODEN, P. J., February 15, 1952.—Decedent died November 8, 1950, intestate, survived by his widow, Gloria Polanco, who is the administratrix of his estate, and also survived by his sister, Sara P. Juan, and his niece, Carmen C. Malone (daughter of a predeceased sister). Decedent left no surviving issue. Accordingly, by virtue of the provisions of the Intestate Act of April 24, 1947, P. L. 80, 20 PS §§1.2, 1.3, decedent's widow became entitled to the first $10,000 in value and one half of the balance of his distributive estate, and the remaining one half descended to his sister and niece, in equal shares.

On July 23, 1951, the widow filed a petition for her spouse's allowance and requested the appointment of appraisers with respect to certain specifically designated personal property chosen by the widow as and for her statutory allowance. Pursuant to this petition, the court appointed two appraisers of the property chosen by the widow, and on August 7, 1951, the appraisers filed their appraisement fixing the value of the several articles chosen by the widow at the respective values set forth in the petition and finding that the total value of the personal property chosen by the widow, as of the date of decedent's death, was in the amount of $10,000.

On September 12, 1951, Carmen C. Malone filed exceptions to the appraisement asserting that certain of the assets chosen by the widow had a market value as of the date of appraisement substantially in excess of the appraised values. It appears that such assets increased in value between the date of decedent's death and the date of appraisement.

On November 5, 1951, exceptant filed an additional exception, asserting that "the widow cannot select specific items of personalty but must take her allowance in cash, preferably at audit."

Section 10 of the Intestate Act of 1947 regulates the procedure to be followed by the surviving spouse in selecting all or part of the $10,000 allowance out of the real estate of decedent. There is no prescribed procedure with respect to personalty. It is stated in subsection (a) of the commission's comment that "no special procedure is required to give a right of selection in personal estate to the surviving spouse. That is merely a matter of distribution." In Bregy's Pennsylvania Intestate, Wills and Estates Acts of 1947 (1949), pp. 1003, 1004, it is stated that:

". . . the allowance is simply a part of the spouse's intestate share where there are collateral relatives but no issue. . . .

"One important difference between this section and the corresponding provisions in the 1917 act is that there is no longer any mention of a right to claim the allowance out of specific items of personal property. It was thought that the provision allowing this in the old act was of little value, and merely added to the expense of administration when it was used. The old procedure for having specific personalty appraised and set aside was held to be optional, and in the average case there was no disadvantage in waiting until audit and claiming the allowance in cash. Even if the privilege were exercised, the spouse apparently had no special right to premature distribution of the chosen chattel. Indeed it would seem that the only advantage to the spouse in the old provision was that a slightly larger share in income could be gained by choosing a security of high yield.

"In the absence of any good reason for continuing the right to select specific personal property, therefore, it was eliminated. Of course, the spouse may still claim the allowance from the personal estate generally, but hereafter the amount will simply be awarded in cash at the audit (unless there is an order or agreement for distribution in kind) in the same manner as a cash legacy—see subsection (g)."

For the reasons above set forth, the court holds that under the Intestate Act of 1947, which governs the instant case, the surviving spouse does not have the right to select specific items of the personal property of decedent in satisfaction of the $10,000 allowance. The surviving spouse is given the right to claim all or part of such allowance out of the real estate of decedent, in which case such selection of real estate may be made at any time after decedent's death in the statutory procedure especially provided. Selection out of the personal estate, however, must await distribution, and normally such distribution will follow

the audit of the fiduciary's account. At that time the surviving spouse is entitled to receive, as her intestate share of decedent's estate, the first $10,000 in value and one half of the balance. Whether such distribution will be ordered in cash or in kind must await the circumstances of the particular case called to the attention of the auditing judge at the time of audit. Whether distribution of the items of personal property selected by the widow in the instant case will ultimately be made in her favor cannot now be decided.

Having reached the conclusion that the widow is not entitled to any right of selection in the personal estate of decedent prior to distribution following audit, it is unnecessary to consider the exceptions filed with respect to the amount of the appraised valuations. Any questions of valuation can properly be decided at the time distribution is decreed. Accordingly, the widow's petition will be dismissed without prejudice to any right which she may have to request distribution in kind at the time of audit.

Accordingly, the court enters the following

### Decree

And now, to wit, February 18, 1952, the above matter having come on to be heard on petition, exceptions and additional exception, and written briefs and oral argument having been submitted to the court, and after full and careful consideration of the matter, it is ordered, adjudged and decreed as follows:

1. The additional exception filed on behalf of Carmen C. Malone, niece of decedent and one of the heirs-at-law, is hereby sustained.

2. The original exceptions filed by Carmen C. Malone are hereby dismissed, without prejudice, however, to the right of exceptant to raise questions of valuation at the time of audit and distribution.

3. The petition of Gloria Polanco, widow of decedent, for the allowance of specific items of personal

property of decedent as and for her statutory allowance of $10,000, is hereby refused and dismissed without prejudice, however, to any right which the widow might have to request distribution in kind, rather than in cash, at the time of audit.

4. The parties shall bear their respective costs of this proceeding.